# United States District Court
## District of North Dakota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**RUSTY MASON** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **4:05-CR-103-02**<br><br>USM Number: 09281-059<br><br>James G. Wolff<br>Defendant's Attorney |

FILED
MAY 15 2006
EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT-NORTH DAKOTA

**THE DEFENDANT:**

[✔]   pleaded guilty to count 7 of the Indictment .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2244(a)(2) & 1153 | Abusive sexual contact | August, 2005 | 7 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count 6 of the Indictment is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

May 15, 2006
Date of Imposition of Judgment

_/s/ signature_
Signature of Judicial Officer

DANIEL L. HOVLAND, Chief U.S. District Judge
Name & Title of Judicial Officer

May 15, 2006
Date

| | |
|---|---|
| CASE NUMBER: 4:05-CR-103-02 | Judgment - Page 2 of 6 |
| DEFENDANT: RUSTY MASON | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 MONTHS**.

[✔]   The court makes the following recommendations to the Bureau of Prisons: That the defendant be placed at a facility as close as possible to his home in North Dakota.

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
   [ ] at ___ on ___.
   [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before _ on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____

_____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

| CASE NUMBER: | 4:05-CR-103-02 | Judgment - Page 3 of 6 |
|---|---|---|
| DEFENDANT: | RUSTY MASON | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 YEAR**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004. These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| CASE NUMBER: | 4:05-CR-103-02 | Judgment - Page 4 of 6 |
| DEFENDANT: | RUSTY MASON | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall participate in psychological/psychiatric counseling and/or a sex offender program, which may include inpatient treatment, as directed and approved by the probation officer. The Defendant shall abide by all rules, requirements and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraphs, and Abel testing, and shall take all prescribed medication.

2. The Defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer to monitor the Defendant's progress. The probation officer shall disclose the Pre-sentence Report, and/or any previous sex offender or mental health evaluations to the treatment provider.

3. The Defendant shall register with the State sex offender registration agency in any state where the Defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the State officials with any and all information required by the State sex offender registration agency and may direct the Defendant to report to that agency personally for additional processing, such as photographing and fingerprinting.

4. The Defendant shall submit his person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

5. The Defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, computer images, videos, or video games depicting and/or describing "sexually explicit conduct: as defined at 18 U.S.C. §§ 2256(2) and 2256(8).

6. The Defendant shall participate with and complete substance abuse and/or mental health counseling, which may include outpatient and residential treatment, as directed and approved by the supervising probation officer.

7. The Defendant shall totally abstain from the use of alcohol and of illegal drugs or the possession of a controlled substance as defined in 21 U.S.C. § 802.

8. The Defendant will submit to random substance abuse testing as directed by the supervising probation officer.

9. The Defendant will not have any intentional contact with the victim in this matter, unless approved by the supervising probation officer.

   Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

   (Signed) _____     _____
              Defendant         Date

              _____     _____
              U.S. Probation Officer/Designated Witness         Date

| | | |
|---|---|---|
| CASE NUMBER: 4:05-CR-103-02 | | Judgment - Page 5 of 6 |
| DEFENDANT: RUSTY MASON | | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B. The special assessment shall be due immediately and payable to the Clerk, U.S. District Court.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 100.00 | $ 0 | $ 385.58* |

                                                                   ***joint & several with co-defendants)**

[ ] If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived.

    [ ] The interest requirement is modified as follows:

# RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The court modifies or waives interest on restitution as follows:

[✔] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee & Address | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Victims of Crime Fund<br>Box 5521<br>Bismarck, ND 58506-5521 | $385.58 | $385.58 | |
| | TOTALS: | $ 385.58 | $_ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 4:05-CR-103-02 | Judgment - Page 6 of 6 |
| DEFENDANT: | RUSTY MASON | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [✔] in full immediately. **Special Assessment.**

B  [ ]  $ _ immediately, balance due (in accordance with C, D, or E); or

C  [ ]  not later than _ ; or

D  [ ]  in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ]  in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

**The restitution obligation shall be paid joint & several with co-defendants.**

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shalal be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.